UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                     CIVIL ACTION NO. 11-12267

       v.                           DISTRICT JUDGE STEPHEN J. MURPHY, III

ERNST WENDL,                   MAGISTRATE JUDGE MARK A. RANDON

       Defendant.
_____/

### REPORT AND RECOMMENDATION TO GRANT
### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. 16)

This is a student loan collection action brought by Plaintiff, the United States of America (the "Government"), against Defendant, Ernst Wendl. Judge Stephen J. Murphy III referred all pre-trial matters to this Magistrate Judge (Dkt. 5).

The Government's motion for summary judgment is pending (Dkt. 16). Defendant filed a *pro se* response (Dkt. 20) to the motion; the Government then filed a detailed loan payment history as a "supplemental exhibit" (Dkt. 21). Oral argument was held on May 16, 2012. Counsel for the Government appeared at the hearing. Defendant did not appear, despite being sent a "notice to appear" (Dkt. 22).

For the reasons stated below, it is **RECOMMENDED** that the Government's motion for summary judgment be **GRANTED** and that judgment be entered against Defendant.

## II.  PERTINENT FACTS

The facts are taken from the available record.  On or about November 23, 1983 and June 25, 1984, Defendant signed Promissory Notes (Dkt. 16; Ex. 1) to secure a Direct Consolidation loan from the U.S. Department of Education, made by the Michigan Higher Education Assistance Authority (Dkt. 16; Ex. 1, 2).  The loans were disbursed: $5,000 on December 6, 1983 and $5,000 on July 31, 1984 ($10,000 total). *Id.*  Over a period of years, Defendant made payments on these loans, and reduced the principal balance by $4,693.95.  *Id.*

On or about May 27, 1999, Defendant defaulted on his remaining student loan obligation, and the Department demanded payment (Dkt. 16; Ex. 2).  As a result of accruing interest and lack of payment in full, the Government claims Defendant owed $10,239.51 as of March 17, 2011. *Id.* Interest continues to accrue on the unpaid balance at the rate of 9.00% – a daily rate of $1.31. *Id.* The Government filed suit and the pending motion to recover this unpaid balance.

Defendant admits that he took out the loans (Dkt. 20 at 6, ¶ 1 CM/ECF pagination), and that he is responsible for paying them back . *Id* ¶ 2.  Still, Defendant responds that the Government is not entitled to judgment as a mater of law because: (1) he did not receive student loans from the United States Department of Education, but rather from the State of Michigan; (2) he never lived at 858 Lynhaven Ct., Rochester, MI 48307 (the address listed on the "certificate of indebtedness" attached to the Government's motion for summary judgment; Dkt. 16, Ex. 2); and (3) the Government failed to support its motion for summary judgment with a detailed payment history.

In reply to Defendant's response, the Government filed the detailed payment history Defendant requested (Dkt. 21).  Defendant has not challenged its validity or accuracy.

## II.  ANALYSIS

### A.  *Summary Judgment Standard*

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  On a motion for summary judgment, the Court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Eward*, 241 F.3d 530, 531 (6th Cir. 2001).

The moving party has the initial burden of demonstrating an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  If the moving party carries this burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587.  The Court must determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to a jury or whether the evidence is so one-sided that the moving party must prevail as a matter of law.  *Anderson*, 477 U.S. at 252.

### B. *Requirements Necessary To Establish A* **Prima Facie** *Case Of Student Loan Default*

The requirements necessary to establish a *prima facie* case of student loan default for summary judgment purposes have been consistently described by federal district courts in several circuits.  *See Guillermety v. Secretary of Education of the United States*, 341 F.Supp.2d 682 (E.D. Mich. 2003); *United States v. Durbin*, 64 F.Supp.2d 635 (S.D. Tex. 1999); *United States v.*

*Lewis*, 2001 U.S. Dist. LEXIS 9909 (D. Kan. June 29, 2001); *United States v. Moore*, 2001 U.S. Dist. LEXIS 18800 (N.D. Tex. Nov. 9, 2001).

The Government may establish a *prima facie* case of student loan default by proving three elements: (1) Defendant signed a promissory note for a student loan; (2) the Government owns the promissory note signed by Defendant; and (3) the promissory note has not been repaid or discharged. *See Guillermety* at 688, *Durbin* at 636; *Lewis* at 12; *Moore* at 2. The Government may establish these *prima facie* elements by producing the Promissory Note and Certificates of Indebtedness signed under penalty of perjury. *See Guillermety* at 688; *Lewis* at 12-13; *United States v. Stanfield*, 2001 U.S. Dist. LEXIS 5548 (E.D. Penn. Apr. 2, 2001). The Government may use Department of Education computer printouts in support of its *prima facie* case. *See Guillermety* at 688-690. The Government may also use sworn affidavits submitted by Department of Education loan analysts in support of its *prima facie* case. *See Stanfield* at 7; *United States v. Konopka*, 1997 U.S. Dist. LEXIS 18360 (E.D. Mich. Oct. 9, 1997).

Once the Government establishes its *prima facie* case, the burden shifts to Defendant to produce evidence which proves the nonexistence, payment, discharge, or deferment of the obligation. *See Durbin* at 636; *Guillermety* at 688. It is not sufficient for Defendant to merely allege nonliability; rather, he must produce specific and concrete evidence of the nonexistence, payment, discharge, or deferment of the debt. *See Durbin* at 636; *Stanfield* at 4-9. Cancelled checks, bank statements, tax records, and sworn affidavits may be acceptable as evidence of payment *See Durbin* at 636; *Stanfield* at 8-9. However, unsworn handwritten letters or notes are not sufficient. *See Moore* at 2; *United States v. Kerns*, 1997 U.S. Dist. LEXIS 9211 (E.D. Mich. May 20, 1997); *United States v. Nevels*, 2000 U.S. Dist. LEXIS 11541 (E.D. Mich. July 7, 2000).

Furthermore, the statute of limitations, laches, and failure of consideration are not recognized as valid defenses in student loan default cases. *See Durbin* at 637; *Lewis* at 10-11; *United States v. Robbins*, 819 F.Supp. 672 (E.D. Mich.1993).

In support of its motion, the Government has produced: (1) copies of the two original notes Plaintiff purportedly signed; (2) a sworn certificate of indebtedness; and (3) an unchallenged payment history.

### *C. Defendant Has Not Shown That A Genuine Issue Of Material Fact Exists*

As noted earlier, Defendant's response to the Government's motion for summary judgment (Dkt. 20) raises three general arguments. First, Defendant argues that he never received student loans from the United States Department of Education, but instead received them from the Michigan Higher Education Student Loan Authority. This argument is not well-taken. The loans at issue were reinsured by the United States (Dkt, 16, Ex. 2); therefore, Defendant's default on his loan obligations renders him liable to the United States.

Second, Defendant argues that the "certificate of indebtedness" attached to the Government's motion lists an incorrect home address for Defendant. But, this error is of no import. Defendant admitted that he took out the loans, and that he is responsible for paying them back (Dkt. 20 at 6).

Third, Defendant argues that the Government's motion should be denied because it did not provide a detailed payment history with its motion. However, the Government subsequently corrected this error by filing a detailed payment history for the outstanding loans (Dkt. 21).

In sum, this Magistrate Judge finds that the Government has established a *prima facie* case that Defendant defaulted on his student loans, and Defendant has failed to rebut the

Government's showing, by producing any evidence that demonstrates the nonexistence, payment, discharge, or deferment of the loans. Therefore, it is recommended that the Government's motion for summary judgment be granted, and that judgment be entered against Defendant.

### III.  CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** the Government's motion for summary judgment be **GRANTED**, and that judgment be entered in the Government's favor and against Defendant. Should the Court adopt the recommendation of this Magistrate Judge, the Government should be required to submit a verified affidavit of the total amount of principal owed, together with capitalized interest which has accrued as of the date of the affidavit. The Government should also provide an accounting of the interest rate that will be applied from the date of judgment forward until the debt is paid in full. The Court can then enter judgment in the Government's favor, against Defendant.

The parties may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

 s/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated: May 22, 2012

### CERTIFICATE OF SERVICE

*I hereby certify that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 22, 2012.*

*s/Melody R. Miles*
*Case Manager to Magistrate Judge Mark A. Randon*
*(313) 234-5542*